Dear Mayor Gill:
This office is in receipt of your request for an opinion of the Attorney General in regard to public participation at Town meetings. You indicate the Town of Kentwood has an existing policy that requires anyone wanting to be on the agenda to notify the Mayor of the item at least 48 hours before the time for a public meeting. You question whether this policy conforms to Act 285 of 2001 which enacted Paragraph (D) of R.S. 42:5, and if not, what changes need to be taken for conformity.
With the enactment of Paragraph (D), R.S. 42:5 provides as follows:
 A. Every Meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official written proceedings of the body, which shall be a public document.
 D. Except school boards, which shall be subject to R.S. 42:5.1, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:7(A) shall provide an opportunity for public comment at such meeting, subject to reasonable rules, regulations, and restrictions as adopted by the public body.
As can be seen by the enactment of Act 285 of 2001, it is mandated that when public bodies conduct a meeting it shall provide an opportunity for public comment at the meeting "subject to reasonable rules" adopted by the public body.
In Atty. Gen. Op. 01-91 this office noted that in Lassalle v. Daniels,673 So.2d 704 (La.App. 1 Cir. 1996) the court observed that the rights of free speech and assembly, while fundamental in our democratic society, do not mean that everyone with opinions or beliefs to express may address a group at any public place or at any time. Based upon this court decision, this office concluded that the Lafayette City-Parish Council's resolution regulating the time for citizen participation before the Council meeting to the last Tuesday in each month was not unconstitutional.
In Atty. Gen. Op. 98-17, which recognized each school board shall allow public comment at any meeting of the school board prior to taking any vote, and that the comment period would be for each agenda item preceding each item, it found that the statute did not preclude a school board from placing requirements on an individual that desires to speak of filling out a sign-up card before a school board meeting.
It is clear from the statute in question that the only requirement is that there be an opportunity for public comment before a meeting of a public body in accordance with rules adopted by the public body that are "reasonable".
In this regard we find the Board is responsible for adjudging its rules as to the reasonableness and compliance with the statutory requirements, but it appears that the rule requiring a notice 48 hours before the meeting by those requesting an opportunity for public comment, and having public comment on each agenda item in line order is reasonable, and fulfills the directives of Act 285 which simply requires that the public be given a time to comment on agenda items at the public meeting.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received: October 11, 2001
Date Released: November 8, 2001